IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**May 1, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**DERON BRYANT,**
**Claimant Below, Petitioner**

**v.) No. 25-ICA-398**          (JCN: 2024024737)

**DONAHUE BROTHERS, INC.,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Deron Bryant appeals the October 9, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Donahue Brothers, Inc. ("Donahue") timely filed a response.[1] Mr. Bryant did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied authorization for a bilateral transforaminal epidural steroid injection ("TFESI") for the lumbar spine.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bryant completed an Employees' and Physicians' Report of Occupational Injury or Disease dated July 30, 2024. He reported that he sustained an injury to his back and left knee on July 8, 2024, when he was in a car accident. Per the physicians' section, it was opined that Mr. Bryant sustained a lower back injury as a direct result of an occupational injury.

On July 8, 2024, Officer R. Tackett completed a State of West Virginia Uniform Traffic Crash Report regarding the incident. Officer Tackett indicated that Mr. Bryant was traveling southbound on 12th Street in Huntington, West Virginia, when he was struck head-on by a vehicle that crossed the double yellow line. Officer Tackett also noted that the vehicle was owned by Donahue.

---

[1] Mr. Bryant is represented by William B. Gerwig III, Esq. Donahue is represented by Jeffrey B. Brannon, Esq.

By order dated August 20, 2024, the claim administrator held the claim compensable for lumbar strain and left knee contusion.

On January 27, 2025, Mr. Bryant presented to Rudy Malayil, M.D., for a follow-up regarding lumbar radiculopathy. Dr. Malayil indicated that on December 11, 2024, Mr. Bryant had a bilateral TFESI with more than 80% relief and improvement in mood, ambulation, sleep, ADLs, and overall functioning for three months. Dr. Malayil noted that an MRI of the lumbar spine performed on August 27, 2024, showed chronic L5 spondylolysis with grade 1 stable spondylolisthesis; disc bulge/pseudo-bulge greater on the left; and mild right and severe left foraminal stenosis with mild compression of the left L5 root nerve. Dr. Malayil assessed lumbar radiculopathy and recommended a lumbar spine TFESI.

David Soulsby, M.D., performed an independent medical evaluation ("IME") of Mr. Bryant and issued a report dated February 4, 2025. Mr. Bryant presented with injuries to his lower back and left knee from a motor vehicle accident. Mr. Bryant reported back pain radiating to the right leg and to the bottom of the toes with numbness, swelling in the right lower extremity, swelling in the groin, and urinary incontinence. Dr. Soulsby assessed low back pain and grade 1 spondylolisthesis at L5-S1. Further, Dr. Soulsby indicated that the physical examination failed to reveal objective evidence of a specific diagnosis, except for swelling of the right lower extremity at the thigh and calf.

Dr. Soulsby opined that Mr. Bryant had reached maximum medical improvement ("MMI") for the compensable left knee injury but not from the compensable lower back injury. He recommended a venous ultrasound of the lower right extremity, flexion-extension radiographs of the lumbar spine, an MRI of the thoracic spine, and urodynamic testing. If all four tests were unremarkable, Dr. Soulsby would consider Mr. Bryant to be at MMI for the lower back injury. Dr. Soulsby noted that Mr. Bryant previously underwent two lumbar epidural steroid injections, which improved his symptoms. According to Dr. Soulsby, a third lumbar epidural steroid injection was planned, which he said would treat the compensable injury. However, Dr. Soulsby indicated that no additional treatment was recommended until after the testing was complete.

Mr. Bryant underwent an ultrasound on February 18, 2025, at the recommendation of Dr. Soulsby, which revealed no evidence of deep venous thrombosis. On April 14, 2025, Mr. Bryant underwent an MRI of the thoracic spine, which revealed small fluid collection adjacent to the cervical esophagus near the thoracic inlet, foraminal narrowing at the T8-T9 level, and no acute findings. On the same date, Mr. Bryant underwent an x-ray of the lumbar spine, which revealed stable L5 spondylolysis with grade 1 spondylolisthesis.

Mr. Bryant submitted a Petition Alleging Failure to Timely Act dated August 4, 2025. He alleged that the claim administrator failed to timely rule upon the request from Dr. Malayil for a bilateral TFESI dated January 27, 2025. By order dated August 5, 2025,

the claim administrator denied authorization for the bilateral TFESI for the lumbar spine on the basis that the treatment was neither medically necessary nor reasonable treatment for the compensable injury. Mr. Bryant protested this order.

Dr. Soulsby issued an IME Addendum report dated September 19, 2025. After a review of additional medical records, Dr. Soulsby opined that Mr. Bryant had reached MMI for the compensable lower back injury. Further, Dr. Soulsby opined that Mr. Bryant had chronic grade 1 spondylolisthesis at L5-S1, resulting in mild to moderate foraminal stenosis at L5-S1. Dr. Soulsby noted that the new studies did not demonstrate spinal instability, an area of severe neurologic compression, or a lesion in the thoracic spine that could cause cauda equina syndrome, and result in Mr. Bryant's urinary incontinence. Dr. Soulsby indicated that no further evaluation or treatment is necessary for the lower back condition.

On October 9, 2025, the Board affirmed the claim administrator's order, which denied authorization for a bilateral TFESI for the lumbar spine. The Board found that Mr. Bryant did not establish that a lumbar TFESI is medically related and reasonably required in the course of treatment for the compensable injury. Further, the Board noted that Dr. Malayil requested the bilateral TFESI for the diagnosis of lumbar radiculopathy, which is not a compensable condition in the claim. Mr. Bryant now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mr. Bryant argues that the Board's decision is clearly wrong because both Dr. Malayil and Dr. Soulsby recommended the TFESI to treat his occupational injury.

3

Further, Mr. Bryant asserts that a finding of MMI does not preclude a treating physician from providing a claimant with injections to alleviate pain symptoms. We disagree.

The claim administrator must provide a claimant with medically related and reasonably necessary treatment for the compensable injury. *See* W. Va. Code § 23-4-2 (2005) and W. Va. Code R. § 85-20-9 (2006). Here, the Board determined that Dr. Malayil requested the TFESI for the diagnosis of lumbar radiculopathy, which is not a compensable condition in the claim. The Board noted that the only compensable lumbar condition is lumbar strain. Further, the Board found that Dr. Soulsby's initial opinion that the TFESI was reasonable, necessary, and related to the compensable lower back injury is not credible because lumbar radiculopathy is not a compensable condition in the claim. Thus, the Board found that the requested treatment is not medically related and reasonably required for the compensable injury.[2]

Upon review, we conclude that Mr. Bryant has not established that the Board's decision was clearly wrong. As set forth by the Supreme Court of Appeals of West Virginia, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order, which denied the request for a bilateral TFESI.

Accordingly, we affirm the Board's October 9, 2025, order.

Affirmed.

**ISSUED:** May 1, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[2] We note that Mr. Bryant can seek the addition of secondary conditions to the claim as compensable. If additional conditions were added to the claim, Mr. Bryant would not be precluded from requesting authorization of treatment for those conditions.